## Cyrus O. Fletcher et al., Executors, Appellees, v. Chicago & Alton Railroad Company, Appellant.

1. RAILROADS, § 461*—*when railroad liable for excessive speed.* Under the statute chapter 114, § 87, (J. & A. ¶ 8836), when any railroad corporation shall run any train at a greater rate of speed than is provided by ordinance it shall be liable for all damages done to person or property by such train, "and the same shall be presumed to have been done by the negligence of said corporation."

2. RAILROADS, § 551*—*what does not preclude finding of due care.* In an action for the death of a person who was struck by a train, the facts that the day was clear, and that the deceased was familiar with the crossing and might have seen the train if he had looked just before he was struck, would not preclude the jury from finding that the deceased was in the exercise of ordinary care.

3. RAILROADS, § 738*—*when evidence sufficient to show due care.* In an action for the death of a person who was killed by a train at a crossing, operated at a speed in violation of an ordinance, the

†See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Fletcher v. Chicago & Alton R. Co., 190 Ill. App. 412.

evidence was sufficient to sustain a finding of due care on the part of the deceased and that the speed of the train was the proximate cause of the accident.

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914. *Certiorari* denied by Supreme Court (making opinion final).

PATTON & PATTON, for appellant; SILAS H. STRAWN, of counsel.

THOMAS L. JARRETT and GRAHAM & GRAHAM, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

The executors of the estate of Benjamin Fletcher, deceased, brought this suit in case against the Chicago & Alton Railroad Company, charging the railroad company with negligence in the running and management of a train by means whereof Benjamin Fletcher, while attempting on a public street in the village of Chatham to drive across the track of the defendant, was struck by a train and killed and his automobile, of the value of $2,000, entirely destroyed. There was a verdict and judgment for $3,000 in favor of plaintiff and the defendant appeals.

The declaration charges the appellant with negligence in violating an ordinance of the village limiting the speed of freight trains to six miles an hour, with a failure to give the statutory signals at highway crossings, and with a failure to manage its trains with due regard to the safety of others at a highway crossing.

The village of Chatham is laid out in lots and blocks. Main street runs north and south and is crossed at right angles by Spruce street in the southern part of the village. Appellant's railroad runs slightly east of north and west of south, crossing Main street at the intersection of Spruce street at an acute angle of

twenty-two degrees. The railroad is a double-track road, the west track being the southbound track. The track of the Illinois Traction Company, an interurban railway, is on the west side of the railroad and substantially parallel with it. The depot is on the west side of the railroad a block east of Main street and two and a half blocks northeasterly from the intersection of the railroad and Main street. The railroad section house and the tool house stand on the west side of the railroad about half way between the depot and the Main street crossing. The railroad tracks are slightly above the level of the land. There are no obstructions to the view between Main street and the railroad south of the depot except the section house, the tool house and a few trees in the vicinity of the section house.

The evidence shows that the deceased, a retired farmer seventy-three years of age, on November 29, 1912, alone in a new 36-horsepower Chalmers automobile left Springfield to go to a farm south of Chatham. While going south on Main street through Chatham his automobile was struck by a freight train going south on the west track of appellant, when crossing the railroad at the Main street crossing, and he was killed and the machine was destroyed. The train was about three hundred and fifty feet long. It consisted of eight tank cars, a caboose and a locomotive with its tender, and was backing up from Knapp to Virden with the caboose in front and the locomotive, with the tender behind, pushing the cars ahead of it.

There was in force, at the time the deceased was killed, an ordinance of the village limiting the speed of freight trains to not exceeding six miles an hour.

The evidence is conflicting as to whether any bell was rung or whistle sounded. The evidence as to the speed of the train is also conflicting. Three of the train crew testify that the speed of the train was ten miles an hour; another witness testifies it was

twenty miles an hour; five witnesses testify it was twenty-five miles an hour and two testify the speed was thirty miles an hour. The train ran five hundred feet after striking the automobile, pushing the automobile ahead of it, and was stopped with the automobile under the caboose. The evidence is that the automobile was going slowly, about five miles an hour. The train crew saw the deceased—the conductor and the brakeman from the caboose, and the engineer from the locomotive—from the time they passed the depot. They also testify that an air whistle was blowing from the time they passed the depot and that they thought the driver of the automobile would come up close to the track and stop, but when they saw he was not going to stop they shouted to him and applied the air brakes about two car lengths from the crossing; that the deceased did not appear to hear them and they say he never turned his head or looked back over his shoulder towards the direction the train was coming from after they saw him.

It is clearly proven that the train was run at a speed much beyond the rate permitted by the ordinance. The train was backing up and going substantially in the same direction the deceased was traveling in the automobile. The deceased may have seen the train and thought it was going in the other direction. If the train had not been going at a speed greater than that permitted by the ordinance he would not have been struck by the caboose. The statute provides (section 87, ch. 114, J. & A. ¶ 8836) that when any railroad corporation shall run any train at a greater rate of speed than is permitted by ordinance it shall be liable for all damages done to person or property by such train, "and the same shall be presumed to have been done by the negligence of said corporation." This statute has been applied and enforced in numerous cases. *Chicago & E. I. R. Co. v.*

*Crose,* 214 Ill. 602; *Winn v. Cleveland C., C. & St. L. Ry. Co.,* 239 Ill. 132.

It is argued that it is not proved by the evidence that the deceased was in the exercise of due care. The facts that it was a clear day, and that the deceased was familiar with the crossing and might have seen the train if he had looked just before he was struck, do not preclude the jury from finding from the evidence that the deceased was in the exercise of ordinary care. He may have looked after he passed the section house or seen the train and not have noticed that it was backing up, but thought it was going north in the direction a train put together as that was would naturally be going. We are not able to say that the jury were not justified in finding from all the evidence that the deceased was in the exercise of due care or that the speed of the train was not the efficient cause of the accident. No other question is presented for review. Neither is any question raised concerning the right to recover damages for the destruction of the automobile and the death of deceased for the benefit of the next of kin in the same suit. The judgment is therefore affirmed.

*Affirmed.*